IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EDWARDS FAMILY PARTNERSHIP, LP AND
BEHER HOLDINGS TRUST                                                                    PLAINTIFFS

VS.                                                                    NO. 3:13-CV-587-CWR-LRA

WILLIAM D. DICKSON                                                                       DEFENDANT

### ORDER

This cause is before the Court on Defendant William D. Dickson's ("Dickson") motions to amend scheduling order, Docket No. 22, and to stay the case, Docket No. 46. Having considered the motions and responses, where filed, and being fully advised in the premises, the Court finds that the motions must be DENIED.

### I.   Factual and Procedural Background

This case arises from a separate suit where Community Home Financial Services (CHFS) and its President, William D. Dickson, filed a breach of contract lawsuit in the Hinds County Chancery Court against Behar Holdings Trust (BHT) and Edwards Family Partnership, LP (EFP) in February 2012. That lawsuit was subsequently removed to this Court. In that case, EFP and BHT asserted counterclaims against Dickson seeking to hold Dickson personally liable based on two personal guaranties of certain promissory notes executed by CHFS.[1]

In May 2012, CHFS filed for bankruptcy, which resulted in an automatic stay of the counterclaims against CHFS. CHFS and Dickson filed an adversary proceeding in the

---

[1] As explained in a previous order, the counter plaintiffs, who are the plaintiffs in this severed action, requested the Court to appoint a receiver. "The Court held a hearing on that motion on May 16 and 21, 2012, wherein the Court indicated that it was inclined to grant some relief to the counter plaintiffs. But on May 23, prior to the start of the next day's hearing, CHFS filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court," thereby triggering an automatic stay. *Cmty Home Fin. Servis., Inc. v. Edwards Family P'ship, LLP, et al.*, Civil Action No. 3:12cv252-CWR-LRA, 2013 WL 1336505 (S.D. Miss. March 29, 213).

1

bankruptcy court seeking to determine the amount CHFS owes and the amount of Dickson's personal liability. In a March 2013 order, this Court found that the bankruptcy stay did not apply to counterclaims against Dickson and those counterclaims were severed. *See Cmty. Home Fin. Servs., Inc. v. Edwards Family P'ship, LLP*, 3:12-CV-252-CWR-LRA, 2013 WL 1336505 (S.D. Miss. Mar. 29, 2013). The counterclaims discussed in *Cmty. Home Fin. Servs., Inc. v. Edwards Family P'ship, LLP* are the subject of this suit and, on October 11, 2013, Plaintiffs filed a motion for partial summary judgment, asking the Court to hold Dickson personally liable for the loans as guarantor. That motion remains pending.

On March 10, 2014, a criminal complaint was filed against Dickson for allegedly conspiring to commit bank fraud by transferring cash collateral out of accounts subject to bankruptcy protection in CHFS's bankruptcy proceedings without legal authority to do so. *See U.S.A. v. William D. Dickson,* No. 3:14-cr-78TSL-FKB (S.D. Miss. March 10, 2014). The government maintains that Dickson was prohibited from making unauthorized transfers or expenditures of cash collateral subject to bankruptcy protection, but despite this prohibition, Dickson conspired with others to knowingly and intentionally commit bank fraud, and violated the Bankruptcy Court's orders by transferring cash collateral out of the accounts subjected to bankruptcy protection. *Id.* at Docket No. 1, at 3. Dickson is currently under a seventeen count indictment for these and other charges. *Id.* at Docket No. 4. He has moved to stay this civil proceeding pending the outcome of the criminal proceeding against him, arguing that his Fifth Amendment privilege against self-incrimination would be undermined if this civil proceeding is not stayed. Docket No. 46.

## II.   Motion to Amend Scheduling Order and Continue Trial

Turning first to the Motion to Amend Scheduling Order and Continue Trial, Dickson seeks a ruling to extend all scheduling deadlines by at least 120 days, and to continue the trial. Docket No. 22. Plaintiffs have responded in opposition, Docket No. 32, and Dickson has filed a rebuttal. Docket No. 37. The matter is now ready for review.

Although Dickson sought extension of all deadlines, including discovery, amendments to pleadings, designation of experts, and pretrial conference and trial date deadlines, his briefs provide arguments in support of an extension to the discovery deadline only. Thus, the Court will only consider whether an extension of the discovery deadline is appropriate. Finding that it is not, his request to extend the discovery deadline is denied, and his requests to extend all other deadlines are dismissed.

The magistrate judge entered a scheduling order on April 24, 2013, setting a discovery cut-off date of January 17, 2014. *See* Docket No. 6. In staking out his position, Dickson claims that he was precluded by court order from conducting discovery on the issues in this case when Plaintiffs first filed counterclaims in bankruptcy court, because the bankruptcy court ordered a stay on all discovery in that action. Docket No. 22, at 8. He also stated that Plaintiffs have refused to respond to interrogatories and have not made themselves available for depositions, *see* Docket No. 37, at 7-8; as a result, Dickson claims that he has not been able to develop critical expert witness testimony to support his claims and defenses in this action. *Id*. He explains that extending discovery will allow him to "(i) obtain critical information and evidence that was previously requested in written discovery to EFP and BHT in the bankruptcy court, but remain outstanding due to the order entered by the bankruptcy court; (ii) obtain critical deposition testimony from representatives of EFP and BHT; and (iii) develop critical opinion evidence from

3

an expert who was retained in the bankruptcy court for the sole purpose of opining on the same issues and claims that are pending in this action." Docket No. 22, at 3.

Plaintiffs argue that Dickson's motion is without merit and is intended to continue to delay action in this case. Plaintiffs correctly point out that, although there was a stay in the bankruptcy action, it was against CHFS, not Dickson. Docket No. 32. They argue that Dickson chose not to pursue discovery in this action and instead focused his efforts in extending the automatic stay of CHFS's bankruptcy action to apply to this action as well. *Id.* at 2.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). After reviewing the parties' motions, and the arguments submitted thereto, the Court hereby denies Dickson's motion to extend the discovery cutoff. First, as Plaintiffs assert, the bulk of Dickson's premise to extend the discovery deadline is erroneous: although there was a stay in the bankruptcy action, it was against CHFS, not Dickson. Both this Court and the bankruptcy court made it clear to Dickson that the automatic stay would not be extended to claims against him. *See* No. 3:12-cv-352, Docket No. 100, at 4 ("The counter defendants have made no attempt whatsoever to show that they obtained an order from the Bankruptcy Court extending the protections of section 362 to Dickson. . . . the Court must find that proceedings against Dickson have not been stayed."). As Plaintiffs correctly posit, Dickson eschewed the pursuit of discovery and instead unsuccessfully attempted to extend the bankruptcy's stay of the claims against CHFS to himself. *Id.* at 2. Now, he has filed a motion to extend discovery almost seven months after the entry of the CMO, after the Plaintiffs have filed their Motion for Partial Summary Judgment and within weeks of the discovery deadline. Dickson has failed to establish how the bankruptcy stay (as to CHFS) has hindered his ability to take depositions in this case and pursue other avenues of discovery. It is not within the Court's interest to reward Dickson

additional discovery time at the expense of the resolution of this matter, without any showing on the part of the Defendant that he has not had a reasonable opportunity to conduct discovery. Furthermore, none of the arguments contained in Dickson's submission in support of his motion persuades the Court that discovery will even be useful to the resolution of this case. Thus, this case will proceed without an extension of discovery and any other further delay.

### III. Motion to Stay

Dickson filed a motion to stay this case pending the resolution of the criminal matter proceeding against him. Docket No. 46. Plaintiffs have responded in opposition, Docket No. 47, and Dickson has filed a rebuttal, Docket No. 48.

#### A. Present Arguments

Dickson contends that his Fifth Amendment rights will be prejudiced if the stay is not granted because the federal criminal proceedings underway contain similar facts and issues as this civil case. Motion for Stay, Docket No. 46, at 3. Dickson states that the criminal "indictment involves property that relates to the unresolved issues in this case." Docket No. 48, at 1. He further claims that this case warrants more discovery and that his deposition testimony during discovery may force him to waive his Fifth Amendment rights. *Id.* at 2. He argues that his testimony in this case would become self-incriminating and could possibly result in his conviction of criminal charges. Plaintiffs refute Dickson's assertion that his Fifth Amendment rights would be implicated in this case and claim that Dickson's motion to stay is merely a stalling tactic employed to avoid liability for his actions.

#### B. Discussion

"The decision whether . . . to stay civil litigation in deference to parallel criminal proceedings is discretionary." *United States v. Simcho*, 326 F. App'x 791, 792 (5th Cir. 2009)

(citing *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir.2004)). "[T]he granting of a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly." *Id.* (citation omitted). In general, courts consider the following factors in ruling on a motion to stay: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." *See U.S. ex rel. Magee v. Lockheed Martin Corp.*, 1:09CV324-HSO-JMR, 2010 WL 2816658 (S.D. Miss. July 16, 2010) (citations omitted). The moving party has a heavy burden of showing a stay is warranted. *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982). Under this analysis, Dickson's request for a stay must be denied.

While the overlap of issues in parallel criminal and civil proceedings sometimes may support a stay, *see Lockheed Martin Corp.*, 2010 WL 2816658, at *5 (citations omitted), "[i]t 'is the rule, rather than the exception' that civil and criminal cases proceed together." *Gonzalez*, 571 F.Supp.2d at 761 (citation omitted). "In a civil case, there is a strong presumption in favor of discovery, and the [movant] must overcome that presumption in its request for a stay." *United States v. Gieger Transport Service, Inc.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997). "[T]he mere relationship between criminal and civil proceedings, and the resulting prospect that discovery in the civil case could prejudice the criminal proceeding, does not establish the requisite good cause for a stay." *Id.* (citing *U. S. v. 6600 North Mesa, El Paso, Texas*, 903 F.2d 312, 320 (5th Cir. 1990)). "[P]rompt investigation and enforcement both civilly and criminally [are] sometimes necessary in order to protect the public interest and . . . deferring or foregoing either civil or

6

criminal prosecutions could jeopardize that interest." *Gonalez*, 571 F.Supp.2d at 761 (citation omitted).

Dickson mostly argues that the issue of this case is similar to that of its criminal counterpart and that further discovery could impair his Fifth Amendment privilege against self-incrimination. The Court is not convinced that the issues of this case significantly overlap with that of the criminal action. In fact, the issues are not the same at all: this suit involves whether Dickson will be held liable for a breach of a contract entered into by CHFS and Plaintiffs; Dickson has been indicted for fraudulently transferring funds out of accounts subject to CHFS's bankruptcy proceedings. Although courts generally recognize that a stay is strongest where Defendant has already been indicted, *see S.E.C. v. AmeriFirst Funding, Inc.*, 3:07-CV-188-D, 2008 WL 866065, at *3 (N.D. Tex. March 17, 2008) (citing *Trustees of Plumbers and Pipefitter Nat. Pensioin Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D. N.Y. 1995)), Dickson's civil and criminal matters are not the same and no overlap exists between them. Most importantly, the Court has ruled that there is no additional discovery needed to resolve the merits of this case and therefore no danger of self-incrimination is present. Accordingly, a stay of this case is not warranted.

**THEREFORE, IT IS ORDERED**, this the 10th day of September, 2014**:**

1. That the Defendant's motion to take depositions outside the discovery deadline and/or to extend the discovery deadline is hereby **DENIED**; and

2. The Defendant's motion to stay this case is also **DENIED.**

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE